# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**AMANDA BUTZER**,

               Plaintiff,

     v.

**ADAM BERKE**, *et al.*,

               Defendants.

Case No. 3:19-cv-585-SI

**ORDER**

**Michael H. Simon, District Judge.**

On April 18, 2019, Plaintiff filed this civil lawsuit against Adam Berke and several other private (*i.e.,* non-state) natural persons or entities. As alleged by Plaintiff, Mr. Berke purchased Plaintiff's home in Oregon on October 30, 2018, through a trustee's auction following a non-judicial foreclosure. On December 17, 2018, Mr. Berke filed a Forcible Entry and Detainer ("FED") action in the Clackamas County Circuit Court for the State of Oregon, seeking to evict Ms. Butzer. After several postponements, the Clackamas County Circuit Court scheduled trial for April 10, 2019. According to Plaintiff, on April 10, 2019, the Clackamas County Court Administrator also sent Plaintiff a "Notice of Restitution." According to Plaintiff, the state court

must wait four business days before issuing a judgment, which Plaintiff asserts would have been April 16, 2019.

On April 12, 2019, Plaintiff removed Mr. Berke's state FED lawsuit to federal court. *See Berke v. Butzer*, Case No. 3:19-cv-543-MO (D. Or.) ("*Berke v. Butzer*"). On April 17, 2019, Chief Judge Mosman ordered that lawsuit of *Berke v. Butzer* be remanded to state court on the grounds that it was not timely removed. Later that day, according to Plaintiff, the state court issued a writ that Mr. Berke may immediately begin to enforce. Plaintiff filed this new original federal lawsuit the following day. In this action, Plaintiff alleges violations of her federal constitutional rights to due process and equal protection, and Plaintiff seeks a remedy under 42 U.S.C. § 1983, which generally only applies to state actors. Also on April 18, 2019, Plaintiff filed an *ex parte* motion for an emergency temporary restraining order ("TRO"). ECF 1. Plaintiff seeks to enjoin "Defendants from taking possession of the defendant's property [*sic*] (primary residence), therein evicting the Defendant [*sic*] from their home or if eviction occurred[,] in returning possession of the property until this matter is fully adjudicated by this court." *Id.*

In deciding whether to grant a motion for TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).] A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Id.* at 20 (rejecting the Ninth Circuit's earlier rule that the

mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).[1]

The Court has reviewed Plaintiff's Verified *Ex Parte* Motion for Emergency Temporary Restraining Order and Preliminary Injunction (ECF 1) as well as Plaintiff's Verified Civil Rights Complaint (ECF 6). The Court concludes that Plaintiff has not shown that she is likely to

---

[1] In addition, under Rule 65 of the Federal Rules of Civil Procedure:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). There is a "very narrow band of cases" in which a TRO should be granted *ex parte*. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). In order to justify an *ex parte* TRO based on allegations that a defendant would further commit fraudulent behavior such as disposing assets, a plaintiff must show that the defendant "would have disregarded a direct court order and disposed of the [assets] within the time it would take for a hearing and must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history." *Id.* Because the Court is denying Plaintiff's motion on other grounds, the Court need not address whether Plaintiff's motion may appropriately be consider on an *ex parte* basis.

succeed on the merits or shown serious questions going to the merits. Section 1983 of Title 42 of the United States Code provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party. A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. All of the persons named as Defendants in the pending lawsuit are private natural persons or private entities. Further, Plaintiff has not alleged facts that plausibly could bring this case within the framework of § 1983.

Because Plaintiff has not shown that she is likely to succeed on the merits or shown serious questions going to the merits, Plaintiff's request for a TRO is inappropriate, even without considering the other factors. Accordingly, Plaintiff's Verified *Ex Parte* Motion for Emergency Temporary Restraining Order and Preliminary Injunction (ECF 1) is DENIED.

**IT IS SO ORDERED.**

DATED this 19th day of April, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge